UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA ASSET MANAGEMENT POOL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1095** |
| **BANK OF AMERICA CORPORATION, D/B/A BANC OF AMERICA SECURITIES, ET AL.** | **SECTION: T (3)** |

## ORDER

Before the Court is a Motion for Transfer of Venue[1] filed by BNP Paribas Securities Corp., Cantor Fitzgerald & Co., Capital One Bank, Credit Suisse Securities (USA) LLC, JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, Jefferies Group LLC, Morgan Stanley & Co., LLC, Nomura Securities International, Inc., Raymond James & Associates, Inc., RBC Capital Markets, LLC (incorrectly named as RBC Capital Markets, Inc.), SG Americas Securities, LLC, Stifel, Nicolaus & Co., UBS Securities LLC, Wells Fargo & Co., and Wells Fargo Securities LLC (collectively, the "Defendants"). Defendants filed a supplemental memorandum.[2] Eventually, with leave of Court, Louisiana Asset Management Pool ("LAMP" or "Plaintiff") filed an opposition.[3] For the following reasons, the Motion for Transfer of Venue[4] is **GRANTED.**

## BACKGROUND

This case arises out of an alleged conspiracy to fix prices of unsecured debt issued by Defendants, the underwriters of certain Government Sponsored Entity ("GSE")[5] bonds, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, *et seq.*, and the Louisiana Unfair Trade

---

[1] R. Doc. 18.
[2] R. Doc. 41.
[3] R. Doc. 81.
[4] R. Docs. 18 and 18-1.
[5] *Id* (the GSEs include the Federal National Mortgage Association ("Fannie Mae"), Federal Home Loan Mortgage Corporation ('Freddie Mac'), Federal Farm Credit Banks ('FFCB'), and Federal Home Loan Banks ('FHLB').

1

Practices and Consumer Protection Act ("LUTPA").[6] LAMP maintains that Defendants engaged in deceptive business practices in the use of their brokerage services from 2009 to 2016.[7] On May 22, 2020, Defendants filed a Motion for Transfer of Venue pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" rule.[8] Defendants contend that transfer to the Middle District of Louisiana is warranted and promotes judicial economy because two actions[9] currently pending before the Middle District substantially overlap with this case in claims, facts, parties, and legal theories.[10] The Court was informed that discovery had not yet commenced in either case.[11] LAMP claims that transfer is inappropriate because Plaintiff is domiciled merely 400 feet from the Eastern District court house and all transactions and people harmed by Defendants actions occurred within the Eastern District.[12]

## LAW AND ANALYSIS

A "first-to-file" transfer is made pursuant to Section 28 U.S.C. § 1404(a).[13] The "first-to-file" rule is a discretionary doctrine grounded in principles of comity and sound judicial administration.[14] This rule dictates that "when related cases are pending before two federal courts, the court where the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[15] This rule does not require that cases are identical, only that there is

---

[6] R. Doc. 18-1, pp. 1-2; R. Doc. 1.
[7] *See* R. Doc. 81, p. 2. *See also* La. R.S. 51:1408; R. Doc. 18-1, p. 4.
[8] R. Doc. 41, p. 2 (alternatively, the "first-filed" rule).
[9] *State of Louisiana v. Bank of America*, 19-cv-00638 (M.D. La.), and *City of Baton Rouge v. Bank of America*, 19-cv-00725 (M.D. La.).
[10] R. Doc. 18, p. 2.
[11] *Id*.
[12] R. Doc. 81, p. 3.
[13] *Old Republic Natl. Title Ins. Co. v. Transcontinental Title Co.*, No. 06-11148, 2007 WL 2284547, at *2 (E.D. La. Aug. 6, 2007).
[14] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997). *See also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)).
[15] *Cadle*, 174 F.3d at 603.

substantial overlap in issues and parties.[16] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[17] In the absence of compelling circumstances, the Court initially seized of a dispute should decide whether it will try the case.[18] Moreover, the "first-to-file" rule not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated.[19]

In deciding whether to apply the "first-to-file" rule, this Court must determine "whether the pending actions are so duplicative or involve such substantially similar issues that one court should decide the subject matter of both actions."[20] In the Fifth Circuit, once the second-filed court finds a likelihood that the issues in the suits substantially overlap, the proper course of action is to transfer to the first-filed court to determine which case should, in the interest of sound judicial administration and judicial economy, proceed.[21] Substantial overlap exists when "the core issues are the same or if much of the proof adduced would likely be identical."[22] Courts in the Fifth Circuit frequently transfer cases under the "first-to-file" rule where the core issues between cases and the parties are nearly identical and likely to overlap.[23]

---

[16] *See Save Power*, 121 F.3d at 950; *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).
[17] *Id* at 729; *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–20 (1976).
[18] *See 909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex. 1990).
[19] *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).
[20] *Old Republic*, 2007 WL 2284547, at *2 (articulating a two-part test courts typically used to determine the "first-to-file" rule).
[21] *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F.Supp.2d 843, 845 (S.D. Miss. 2006). *See also Cadle*, 174 F.3d at 605-606.
[22] *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677 (5th Cir. 2011).
[23] *See e.g. Parallax Enterprises LLC v. Cheniere Energy Inc.*, 2016 WL 9403896, at *4 (E.D. La. Jun. 6, 2016)(transferring a breach of contract and declaratory relief case because the two suits were predicated on the same facts, involved principally the same legal issues, and much of the evidence adduced would likely be identical); *Gateway Mortgagee group, L.L.C. v. Lehman Brothers Holdings, Inc.*, 694 Fed.Appx.225 (5th Cir. 2017)(transferring a case because the underlying facts in both cases related to the mortgages that originated from Gateway who sold to plaintiff and arise under an indemnification agreement); *Luv N Care Ltd. V. S C Products Inc.*,

Here, the claims asserted in the cases lodged in the Eastern and Middle Districts substantially overlap. The complaints filed in the three cases allege facts that arise out of an alleged conspiracy to fix the prices of unsecured debt issued by the GSEs including Fannie Mae, Freddie Mac, FFCB, and FHLB from 2009 to 2016. The complaints all assert alleged violations under LUTPA and Section 1 of the Sherman Act, 15 U.S.C. § 1, *et seq*. Additionally, there is substantial overlap between the named defendants in each case: 20 of the named Defendants in the case *sub judice* are also named as defendants in *State of Louisiana v. Bank of America*, No. 19-cv-00638 (M.D. La.), and 22 of the instant Defendants are named in *City of Baton Rouge v. Bank of America*, No. 19-cv-00725 (M.D. La.). Plaintiff has offered no compelling circumstances to persuade this Court to deny Defendants' Motion to Transfer or that transfer would prejudice Plaintiff. Proceedings would still remain in Louisiana, and courts in this circuit have transferred cases under the "first-to-file" rule where the "sister court" sits at a much greater distance than in the current case. Because Defendants have demonstrated the likelihood of a substantial overlap between the cases, it is no longer up to this Court to decide whether the cases should proceed or be consolidated. It follows that under principles of judicial economy, comity, and sound judicial administration, this Court should transfer this case to the Middle District of Louisiana to avoid potential piecemeal resolution of issues and to avoid trenching upon the authority of another sister court.

---

No. 16-0641, 2017 WL 2115573, at *3 (W.D. La. Apr. 4, 2017)(transferring a case where an action arose out of patent infringement claims under the Lanham Act and LUTPA and involved the same parties, same products, and the same or similar claims); *Huffman v. Maxx Oilfield Services, LLC*, No. 15-cv-2471, 2016 WL 6472646 (W.D. La. Sept. 28, 2016)(applying a "dutiful application" of the first-to-file rule and transferring a FLSA collective action case to the Southern District of Texas because, even though the plaintiffs held different job responsibilities and worked in different states, the core issue was whether the employees were entitled to overtime pay under the FLSA or whether their salary-plus compensation scheme was lawful and the court found that these claims substantially overlapped).

## CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Defendants' Motion for Transfer of Venue[24] is **GRANTED.**

**New Orleans, Louisiana**, on this __31st__ day of December, 2020.

                                         *[signature]*
                                     **GREG GERARD GUIDRY**
                                   **UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 18.